**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BANK HAPOALIM, B.M.,

                       Plaintiff,

              vs.

225 BOWERY LLC, *et al.*

                       Defendants.

**NOT FOR PUBLICATION**

Adv. Pro. No. 23-01014 (MG)

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

*A P E A R A N C E S:*

HERBERT SMITH FREEHILLS NEW YORK LLP
*Counsel for Bank Hapoalim, B.M*
450 Lexington Ave
New York, New York 10017
By:    Scott S. Balber, Esq.

ALSTON & BIRD LLP
*Counsel to 225 Bowery LLC*
90 Park Avenue
New York, New York 10016
By:    Gerard S. Catalanello, Esq.
James J. Vincequerra, Esq.
Dylan S. Cassidy, Esq.
Kimberly J. Schiffman, Esq.

AKERMAN LLP
*Counsel for Ace Group Bowery LLC and Ace Group Int'l, LLC*
1251 Avenue of the Americas
37th Floor
New York, NY 10020
By:    Mark S. Lichtenstein, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of the adversary proceeding Defendants/ Counterclaimants/Crossclaimants/Third Party Defendants Ace Group International LLC and Ace Group Bowery LLC (collectively, "Ace") to transfer venue to the United States District Court for the District of Delaware (the "Motion," ECF Doc. # 4-1). Ace seeks to transfer venue of its counterclaims against Plaintiff Bank Hapoalim, B.M. ("BHI") and its crossclaims against 225 Bowery LLC (the "Debtor") (counterclaims and crossclaims together the "Removed Claims") to the United States District Court for the District of Delaware (the "District of Delaware"). Ace further seeks an automatic transfer to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), where the Debtor's main bankruptcy case is pending, pursuant to the Amended Standing Order of Reference from the District of Delaware, dated as of February 29, 2012 (the "Delaware Standing Order of Reference").

Attached to the Motion is the Declaration of Mark S. Lichtenstein (the "Lichtenstein Declaration"). Attached to the Lichtenstein Declaration are various exhibits: Exhibit 1 contains Ace's Verified Answer with Counterclaims, Crossclaims, and Third-Party Complaint (the "Answer"); Exhibit 2 contains Debtor's Adversary Complaint Against Ace in the Delaware Bankruptcy Case (the "Delaware Adversary Complaint"); and Exhibit 3 contains the Interim Cash Collateral Order entered in the Bankruptcy Case (the "Interim Cash Collateral Order").

The deadline for objections to the Motion was March 22, 2023, at 4:00 p.m. The Debtor filed a statement supporting the Motion and reserving its rights with respect to all claims. ("Response," ECF Doc. # 5.) Additionally, the Debtor makes clear that it does not consent to Ace's standing to bring any claims that belong to the Debtor's estate. The Court held a hearing on this matter on March 29, 2023.

For the reasons discussed below, the Motion is **GRANTED**, except that, consistent with the protocol of this Court, the case is transferred directly to the United States Bankruptcy Court for the District of Delaware.

## I.    BACKGROUND

### A.    The Subordination, Non-disturbance, and Attornment Agreement (the "SNDA")

Ace states that the Debtor is the owner of real property located at 225 Bowery, New York, NY 10002, which has been developed into and is currently operated as a 200-room micro-hotel with ground floor and rooftop food and beverage facilities (the "Hotel"). (Motion at 2.) On or about July 22, 2014, Ace entered into a hotel management agreement with the Debtor's predecessors-in-interest to exclusively manage and operate the Hotel for up to twenty years in exchange for a management fee of 3% of gross revenues and Debtor's payment of all the Hotel's expenses (the "HMA"). (*Id.*) Ace claims that Debtor covenanted that it would not mortgage the property unless Debtor obtained a non-disturbance agreement from all mortgagees on a form approved by Ace. (*Id.*) In February 2019, when the Hotel opened its doors to the public, the Debtor took out a $68 million mortgage on the Hotel from BHI. (*Id.*) Pursuant to the HMA, BHI and Ace entered into a "Subordination, Non-disturbance and Attornment Agreement," effective as of March 4, 2019 (the "SNDA"), which was recorded with the City Register of the City of New York on March 14, 2019. (*Id.* at 2–3.)

According to Ace, the SNDA, *inter alia*, recognized Ace's right to be paid all expenses and management fees due and owing under the HMA from the excess cash generated from the operation of the Hotel before any payments made to BHI because of its security interest. (*Id.* at 3.) BHI further agreed that it would not "obtain or seek to obtain any order of court . . . seeking or directing deposits to, or withdrawals from, any of [Owner's bank] Accounts in a manner

3

inconsistent with the provisions of this [SNDA] or the Management Agreements." (*Id.* (quoting Answer ¶ 213).) The recorded SNDA further provides that any new purchaser of the Hotel would be bound to the HMA "with the same force and effect as if the Purchaser was the Owner under the [HMA] and Ace and Purchaser were the original parties thereto." (*Id.* (quoting Answer ¶ 199).) Ace claims that Ace's rights under the SNDA continue to apply even where, as here, Owner allegedly wrongfully terminated the HMA. (*Id.*)

### B.    Ace's Removed Claims

According to Ace, the Debtor, with BHI's assistance, repudiated the HMA and ousted Ace from Management of the Hotel on June 4, 2020, for which Ace believes it is owed approximately $10.4 million in unpaid expenses, management fees, and interest. (*Id.*) Ace's entitlement to the $10.4 million was confirmed in a Final Arbitration Award ("Arbitration Award") and then again confirmed by the Supreme Court of the State of New York in October 2022, followed days later by entry of a judgment against Debtor in that amount. (*Id.*)

Prior to this confirmation of Ace's unpaid management fees and expenses, BHI commenced a foreclosure action[1] in the Supreme Court of the State of New York against Debtor and various Debtor's affiliates (the "Foreclosure Action"). (*Id.* at 4.) BHI did not name Ace as a defendant in the Foreclosure Action, but Ace believes the action would interfere with Ace's rights under the SNDA because BHI seeks a disbursement of approximately $2.5 million from Debtor's accounts, which Ace claims it is entitled to receive. (*Id.* at 3–4.) Thereafter, on or about November 4, 2022, BHI added Ace as a named defendant in the Foreclosure Action, alleging Ace had no priority rights to Debtor's cashflow. (*Id.* at 4.)

---

[1]    Captioned *Bank Hapoalim, B.M. v. 225 Bowery LLC, et al.*, Index No. 850096/2022, Supreme Court of the State of New York, County of New York.

4

On November 22, 2022, Ace asserted counterclaims against BHI in the Foreclosure Action, seeking, *inter alia*, declaratory judgments, specific performance, and/or damages pertaining to Ace's rights under the SNDA. (*Id.*) Additionally, Ace asserted crossclaims and third-party claims against defendants 225 Bowery, David Paz (Debtor's principal), and Omnia Properties LLC (the "Crossclaim Defendants"), as well as seven other entities known to be affiliated with 225 Bowery (the "Third- Party Defendants") for, among other things, fraudulent conveyance of millions of dollars that had been generated by the Hotel. (*Id.* at 5.) Ace also asserted crossclaims against the Crossclaim Defendants for declaratory relief. (*Id.*)

These are the Removed Claims at issue in this proceeding that Ace now seeks to have transferred to the District of Delaware, and thereafter, automatically referred to the Delaware Bankruptcy Court to be interposed as an adversary proceeding in the Bankruptcy Case. (*Id.*)

### C.    Debtor Files for Bankruptcy Protection

On January 24, 2023 (the "Petition Date"), 225 Bowery filed a chapter 11 petition in the United States Bankruptcy Court for the District of Delaware, captioned *In re: 225 Bowery LLC* (Case No. 23-10094 (TMH)) (the "Bankruptcy Case"), now pending before the Honorable Thomas M. Horan.

Ace represents that on the same day Debtor filed for bankruptcy protection, Debtor also commenced an adversary complaint against Ace seeking to avoid its $10.4 million judgment. (*Id.* at 5–6.) Ace alleges that the Debtor and BHI are attempting to circumvent Ace's rights under the SNDA through the proposed Cash Collateral Order in the Bankruptcy Case, which purports to grant BHI sole rights and first priority position with respect to all of Debtor's assets, including the "Suspense Account" and Debtor's cashflow. (*Id.* at 6.)

5

To resolve objections to an Interim Cash Collateral Order, Ace and Debtor agreed to a provision reserving Ace's rights under the SNDA that it has a primary position vis-à-vis BHI to the excess cash generated from the Hotel.  (Motion at 6; Interim Cash Collateral Order.)  Thus, according to Ace, the primary issues to be decided in Ace's counterclaims against BHI have already been brought before the Bankruptcy Court in the Bankruptcy Case.  (Motion at 6.)  Additionally, Ace has the right in the Interim Cash Collateral Order to challenge BHI's claimed priority of payments by commencing an adversary proceeding in the Bankruptcy Case; these Removed Claims are Ace's challenge to BHI's alleged right of priority. (*Id.*)

On February 22, 2023, Ace filed a Notice of Removal in the United States District Court for the Southern District of New York (the "Southern District Court") removing the Removed Claims from the Supreme Court of New York, County of New York.  (the "Notice of Removal," ECF Doc. # 1.)  In its notice of removal, Ace stated that its goal was to bring the claims before the United States Bankruptcy Court for the District of Delaware.  (*Id.* ¶ 16.)  Pursuant to the Southern District Court's standing order of reference, all proceedings related to a case under title 11 are referred to the bankruptcy judges for this District, which is how the Removed Claims came before this Court.  (*Id.*; *see also* ECF Doc. # 1-34.)  Ace now seeks an order to transfer the Removed Claims to the United States Bankruptcy Court for the District of Delaware.  (Motion at 6.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1334(b), a district court has original jurisdiction to hear "all civil proceedings arising under title 11 or arising in or related to cases under title 11."  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

6

division to which all parties have consented." 28 U.S.C. § 1404(a). The standard is the same for bankruptcy proceedings: "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* FED. R. BANKR. P. 7087 ("On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).").

### III.    DISCUSSION

Removal is proper here because it is convenient for the parties, promotes justice, and because the Removed Claims are related to the bankruptcy proceedings in the Delaware Bankruptcy Court.

#### A.    Removal is Convenient for the Parties

Ace's Removed Claims involve the same parties and identical issues as those already at issue in the Bankruptcy Court, and BHI, Ace, and Debtor have all appeared in the Bankruptcy Case pending in the Delaware Bankruptcy Court. (Motion at 8.) It would therefore be more convenient for all parties involved to litigate the Removed Claims in the same venue that the related proceedings are situated in, i.e., the Delaware Bankruptcy Court.

#### B.    Removal is in the Interest of Justice

BHI and Debtor have already brought the issues raised in the Removed Claims before the Delaware Bankruptcy Court. (*Id.*) Specifically, the Debtor's First Day Cash Collateral Motion implicates Ace's rights under the SNDA, which is the central issue in the Removed Claims, by seeking an order declaring that Ace does not have priority rights to the distribution of Debtor's excess revenues nor the right to be reinstated as manager of the Hotel. (*Id.*) As such, Ace plans to file an objection to the Cash Collateral Motion to preserve Ace's asserted rights under the

7

SNDA.  (*Id.*)  The Interim Cash Collateral Order gives Ace the right to commence an adversary proceeding against BHI in the Bankruptcy Case to challenge BHI's claim of priority, which is exactly the issue raised in the Removed Claims.  (*Id.* at 9.)

To avoid inconsistent judgments (e.g., the Southern District Court holding that Ace has a claim to Debtor's excess revenues and the Delaware Bankruptcy Court holding that BHI has priority), it is in the interest of justice that the Removed Claims be transferred to the Delaware Bankruptcy Court.

### C. The Removed Claims are "Related To" the Delaware Bankruptcy Proceedings

Where the outcome of a proceeding could conceivably affect the administration of a pending bankruptcy proceed, it is proper to transfer the case to the district where the bankruptcy action is proceeding.  *In re 47-49 Charles Street*, No. 98 CIV. 4669(HB), 1999 WL 138929, at *2 (S.D.N.Y. Mar. 15, 1999).  A proceeding is related to a bankruptcy proceeding under § 1334(b) if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)); *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 579 (2d Cir. 2011).

The test of a "conceivable effect" is met "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).  The key word of "conceivable" is broadly interpreted by the Second Circuit.  *See, e.g.*, *In re Residential Capital, LLC*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)).  "[C]ertainty, or even likelihood, is not required" to have a "conceivable effect" on a bankruptcy estate.  *Id.* at 573

8

(citing *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 Civ. 4634(GEL), 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007)).

In this case, the outcome of the Removed Claims is virtually certain to "alter [Debtor's] rights, liabilities, options, or freedom of action" because it will apportion priority to Debtor's excess revenues as well as determine the rightful operator of the Hotel. *Celotex Corp.*, 514 U.S. at 308 n.6. The Removed Claims are therefore related to the bankruptcy proceedings in Delaware Bankruptcy Court, and it is proper to transfer them to the Delaware District Court for automatic transferal pursuant to the local Standing Order of Reference.

## IV.    CONCLUSION

Accordingly, the Motion is **GRANTED,** and it is hereby **ORDERED** that the case shall be transferred to the United States Bankruptcy Court for the District of Delaware. Once the case has been transferred, the Clerk of this Court is directed to close this adversary proceeding.

**IT IS SO ORDERED.**

Dated:    March 29, 2023
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge